# GEORGE A. SEAVERNS *et al.*

## *v.*

# JOSEPH W. TRIBBY. .

1. INSTRUCTIONS—*erroneous which assume to decide questions of fact.* It is the province of the jury to decide questions of fact, and instructions which assume to decide such questions, or direct the jury as to the weight of evidence, are erroneous.

2. EVIDENCE—*relative to copy of entries made from books of account.* In an action to recover for a quantity of broom corn, the plaintiff on examination produced a paper, purporting to show the weights of the several lots delivered, as also the total weight, a part of which weights plaintiff had himself entered in a book, but which was not produced, and a part entered by another person, in a book kept by him, which book was produced in court, and the entries therein proven by his deposition, which entries corresponded with those shown in this paper: *Held*, that as to the entries made by plaintiff, the paper was a mere memorandum, to the accuracy of which plaintiff swore from his own knowledge, and his testimony was not objectionable, on the ground that he had refreshed his memory by referring to his book and making this memorandum therefrom. That as to the copy made from such other person's entries, the book showing the original entries was produced, and they were proven by his deposition, and that if upon a second trial, the witness who swears to this addition, can also swear that he has made it from the figures given in the deposition, this paper will be unobjectionable.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case sufficiently.

Messrs. FROST & TUNNICLIFF, for the appellants.

Messrs. MASON & HUNT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellee against the appellants, to recover a balance alleged to be due upon the sale of a quantity of broom corn. The plaintiff recovered judgment. On the trial the court gave for the plaintiff the following instructions:

" 1st. If the jury believe, from the evidence, that the plaintiff sold to the defendants seventy-seven tons five hundred and forty-two pounds of broom corn, at $140 per ton, and that said corn was delivered in compliance with the contract, and it was accepted by the defendants, then the jury will find for the plaintiff the balance due him, after deducting the amount of credits in money paid by Brown for defendants.

" 2d. The jury are instructed that if they can harmonize the evidence, it is their duty to do so; if they cannot, then it is the duty of the jury to be governed by the weight of the evidence. And if the jury believe, on the evidence, that the plaintiff delivered the corn in question, to defendants, under the written contract, and that Deacon put in his corn on the same contract, and that Bird put his corn in on the same contract, to make up the seventy-seven tons five hundred and forty-two pounds, at the price stated in the contract, at $140 per ton, except the red brush of 1905 pounds, at the rate of $125 per ton for the red brush, then the jury will estimate the amount of broom corn at the rate of $140 per ton, except the red corn brush at $125 per ton; and if the jury believe, from the evidence, that there was an attempted settlement at Oneida, and that the parties did not complete the settlement, then the jury are instructed that such attempted settlement would not prevent the plaintiff from recovering for any balance due him, and the jury will find for the plaintiff the amount due on said contract, after deducting the credits for money paid on said contract by the defendants to said plaintiff."

The defendants insisted that the whole amount due upon the corn had been paid, and that being the point in controversy, they justly object to the first of the foregoing instructions, that it assumes a balance still to be due the plaintiff, the amount of which the jury are directed to find. It also directs that the money paid should alone be allowed as a credit, whereas it appears in the evidence there was a note against the plaintiff, which had been applied on his account. This was, no doubt, the result of inadvertence on the part of counsel in drawing the instruction, but it should be avoided on a future trial. The instruction is further objectionable in assuming there was evidence before the jury from which they might find the plaintiff had delivered seventy-seven tons five hundred and forty-two pounds of corn, at $140 per ton, when, in fact, it was not claimed by plaintiff himself, in his testimony, that all that amount had been sold at that price.

The second instruction is still more objectionable, in view of the fact that this was a controversy about both the amount and the price. It assumes the amount to be seventy-seven tons and five hundred and forty-two pounds, at $140 per ton, except 1905 pounds of red brush at $125. It speaks of that quantity as the amount made up by the corn of Deacon and Bird, apparently leaving to the jury only to find whether the delivery had been made under the written contract, and, like the first instruction, assumes in conclusion that a balance is due. We are of opinion both these instructions would tend to mislead a jury.

As the case is to go back for another trial, it is necessary to decide a question made upon the evidence. The plaintiff was sworn, and he produced a paper showing the weights of the different bales, and their total weight. A part of these weights had been entered by the plaintiff himself, in a book at his farm, which was not produced, and a part entered by another person at the railway station in a memorandum book which

was produced in court, and had previously been furnished to the counsel for the defense. The deposition of the person who made these last entries, had been taken, and he had attached thereto an exhibit copied by him from his original entries. These figures corresponded with those upon the paper to which the plaintiff testified. So far as this paper was copied by the plaintiff from his own entries, it was a simple memorandum of weights, to the accuracy of which he swore from his own knowledge. It was no objection to his testimony that he had refreshed his memory by referring to his book at home, and making a memorandum therefrom. The copy made from the book kept by another person, was in itself inadmissible as evidence, but the book itself was in court, and the weights entered in it were proven by the deposition. The paper seems to have been used merely because long columns of figures, showing the weights of a large number of bales had been added up on the paper, and reduced to tons, thus presenting the claim of the plaintiff in a condensed form. If, upon another trial, the witness who swears to this addition, can also swear that he has made it from the figures given in the deposition, it will be unobjectionable.

*Judgment reversed.*